UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL CRAWFORD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cv-390 MTS |
| | ) | |
| THYSSENKRUPP MATERIALS NA, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion to Remand, Doc. [14].  Plaintiffs originally filed their petition in the Circuit Court for the City of St. Louis, Missouri, Doc [7].  Defendants removed this case by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(d). Doc. [1]. Plaintiffs timely moved to remand the case back to state court, *see* 28 U.S.C. § 1447(c), arguing that the amount in controversy is not met. Doc. [14].  For the reasons that follow, the Court grants Plaintiffs' Motion.

I.     BACKGROUND

Plaintiff Darnell Crawford and Plaintiff Michael Dew (collectively, "Plaintiffs") claim their employers, Defendants thyssenkrupp Materials NA, Inc., and thyssenkrupp Supply Chain Services NA, Inc. (collectively, "Defendants") allegedly failed to prevent a data breach that exposed certain employees' personally identifiable information ("PII").  Accordingly, Plaintiffs filed this action individually, and on behalf of a putative class of similarly situated Missourians, against Defendants in Missouri state court asserting claims arising under the laws of the State of Missouri to obtain recovery for the damages they sustained from the data breach.  Plaintiffs' complaint contains causes of action for negligence, negligence *per se*, invasion of privacy, and

breach of contract. Defendants removed this action, averring diversity jurisdiction under 28 U.S.C. § 1332(d).  After Defendants removed Plaintiffs' case to this Court on diversity grounds, Doc [1], Plaintiffs filed the instant Motion, Doc. [14], opposing removal on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of $5,000,000 necessary to establish diversity jurisdiction under the Class Action Fairness Act ("CAFA").

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (quoting *Kokkonen*, 511 U.S. at 377).  "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  CAFA", 28 U.S.C. §§ 1332(d), grants federal district courts original jurisdiction over class action cases where "the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

Even if the plaintiff's complaint does not state the amount in controversy, "the defendant's notice of removal may do so."  *Id*.  In such a case, it is sufficient for the defendant to provide "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Pirozzi*, 938 F.3d at 983.  But if the plaintiff then challenges the amount in controversy, the district court must find, "by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 88.  To establish the requisite amount in controversy by a preponderance of the evidence, defendants are required to present "some specific facts or evidence

demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).  If the defendant succeeds in showing by a preponderance of the evidence that the case meets the $5 million threshold, "the burden then shifts to [the plaintiff] to prove that it is legally impossible for the class to recover the jurisdictional amount." *Embry v. T. Marzetti Co.*, No. 4:19-cv-02785-SEP, 2020 WL 5291933, at *2 (E.D. Mo. Sept. 4, 2020) (citing *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017)).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## III.  DISCUSSION

Plaintiffs move for remand on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of the $5,000,000 necessary to establish CAFA jurisdiction. Although Plaintiffs' complaint does not seek a specific dollar amount in damages,[1] they allege that Defendants failed to protect their personal information during data breaches and were damaged. In its notice of removal, Defendants rely on four categories of "damages" to claim that CAFA's amount in controversy requirement is satisfied: compensatory damages, punitive damages, attorneys' fees, and equitable relief.  Defendants urge jurisdiction under CAFA because of "the inescapable conclusion from the allegations in the Complaint and the relief sought is that the sum value of the matter in controversy exceeds (in the aggregate) $5,000,000.00." Doc. [1] ¶ 6.  It is impermissible for the Court to presume that this case involves potential damages exceeding $5,000,000 based on the relief sought and without Defendants offering "one shred of evidence regarding potential damages [as such] would be nothing more than speculation on the part of defendant (and the Court)." *Hill*, 324 F. Supp. 2d at 1036.  Rather, to establish the requisite amount

---

[1] Plaintiffs seek an award that includes compensatory, exemplary, punitive damages, and statutory damages, as well as equitable and declaratory relief and restitution, for each count in the Complaint.

in controversy by a preponderance of the evidence, Defendants must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Id*.  Defendants have failed to do so here.

Defendants' argument that Plaintiffs' request for punitive damages and attorneys' fees pushes the amount in controversy over the jurisdictional threshold is unavailing.  Without citing any evidence, Defendants indicate that Plaintiffs' future attorneys' fees could potentially exceed the jurisdictional threshold.  Such speculation is insufficient here. *Rosenbloom v. Jet's Am., Inc.*, 277 F. Supp. 3d 1072, 1075 (E.D. Mo. 2017) ("Defendant has offered no evidence that attorney's fees incurred by plaintiff would exceed the jurisdictional threshold, and such speculation would be unreasonable" at the removal stage); *Hill*, 324 F. Supp. 2d at 1036 ("Speculation and belief that plaintiff's damages exceed [the amount in controversy] are insufficient to meet the defendant's burden of proof under []the 'preponderance of evidence standard'"); *Austin v. Harris-Stowe State Univ.*, No. 4:21-cv-00012-SRC, 2021 WL 2313404, at *3 (E.D. Mo. June 7, 2021) (finding defendant's argument "unpersuasive" that "future attorneys' fees could potentially exceed the jurisdictional threshold").  Defendants produced *no* evidence for their unspecified attorneys' fee calculation but, rather, exclusively rely on Plaintiffs' prayer for relief requesting attorneys' fees. Simply pointing to Plaintiffs' request for attorneys' fees is insufficient to meet Defendants' burden of establishing the amount in controversy. *Rosenbloom*, 277 F. Supp. 3d at 1076 (finding no competent proof to the amount in controversy when "defendant simply points once again to plaintiff's request for attorney's fees . . .to support its assertion that the amount in controversy exceeds $5,000,000"); *Hofmann v. Wells Fargo Bank, N.A. as Tr. for First Franklin Mortg. Loan Tr. Pass-Through Certificate Series 2004-FF*, No. 4:19-cv-423-CDP, 2019 WL 1992630, at *1 (E.D. Mo. May 6, 2019) ("A removing party who presents only bald assertions that the nature of

the relief sought is sufficient to satisfy the amount in controversy fails to meet the requisite burden of proof").

Defendants also argue that "the possibility of a punitive damages award puts this case well within CAFA's jurisdictional limits." Doc. [17] at 8. Yet, Defendants offer no facts or evidence[2] to support this assertion and such speculation is insufficient to meet Defendants' burden of proof. *Hill*, 324 F. Supp. 2d at 1036 (requiring "some specific facts or evidence demonstrating that the jurisdictional amount has been met"); *Rosenbloom*, 277 F. Supp. 3d at 1075 ("speculation is insufficient to meet the defendant's burden of proof under the preponderance of the evidence standard"). The only cognizable number of damages in this case comes from a footnote in Plaintiffs' complaint stating that the average amount of "financial loss" suffered from identity theft victims is $1,343.00, and Defendants provide no evidence to the contrary. In support of removal, Defendants submitted evidence that the number of Defendants' Missouri employees who were notified that their personal information may have been involved in the data breaches was 465.[3] Thus, the Complaint suggests that, based on the average amount of "financial loss" suffered per victim of identity theft, the total financial loss of the class is $624,495 – millions away from the

---

[2] Plaintiffs sole mention of punitive damages is in their prayer for relief, however, "the prayer for relief is not controlling." *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001). Thus, Defendants have the burden of proving that punitive damages are in play here by pointing to evidence in the record, allegations from the pleadings, or providing analogous cases. Defendants have not pointed to any allegations in Plaintiffs' Complaint that allege Defendants acted with the requisite intent/conduct for punitive damages. *Koon v. Walden*, 539 S.W.3d 752, 773-74 (Mo. App. E.D. 2017) ("The substantive law has long provided that to impose punitive damages in a negligence case, the negligent act must be done either with 'such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted' or with 'conscious negligence tantamount to intentional wrongdoing.'"); *see also Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (Under the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.").

[3] This amount of class members is disputed by the parties in the current Motion. However, for the sake of argument, the Court will assume that because 465 people were notified in Missouri that their personal information may have been involved in the security incident, that 465 people will be part of the class as Missouri "citizens," as Defendants suggest.

CAFA requirement.  Additionally, the only monetary evidence Defendants submitted is pricing for identity theft protection: (1) the average annual pricing for a credit monitoring and protection services company ($110); and/or (2) LifeLock's product price for $99.48 for one year with a renewal rate of $149.99 per year.  Although Plaintiffs do not explicitly seek[4] damages for continuing identity theft protection, Defendants calculated the price of ten-years of LifeLock protection at an annual rate of $1,449.39 per member.  Thus, the evidence shows that if Plaintiffs were compensated for identify theft protection for the next ten-years, the amount given per class member totals $697,453.   Even adopting Defendants liberal estimate of $1,321,948[5] in compensatory damages, Defendants remain well below the $5 million threshold.

Despite such a low estimate of compensatory damages, Plaintiffs nonetheless argue that a large punitive damages award (*i.e.*: a ratio of 9:1) would put the amount in controversy over $5 million.  Although "punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).  Yet, Defendants provided "no evidence in support of its punitive damage calculation, but rather merely cites cases in which punitive damage awards in a single-digit multiplier of the actual damage award have been upheld." *Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) (remanding action because defendants failed to provide sufficient evidence of CAFA's amount in controversy requirement).  Although it

[4] Defendants argue that Plaintiffs seek to have "Defendants compensate the class members in perpetuity for any losses related to the Data Breach" and thus provide estimates of pricing for continuing identity theft protection. There is a basic flaw to the Defendants' argument because Plaintiffs' complaint does not seek "lifelong" damages for identity theft protection, as Defendants suggest. *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) (defendant's calculation of plaintiff's compensatory damages included damages unrelated to any claim present in the complaint and thus were "over-inclusive and cannot be accepted").  However, the Court will still discuss these damages for the sake of argument.

[5] This number takes the purported number for average loss of an identity theft victim plus the average cost of credit monitoring for 10-years and multiplying it by the alleged 465-person class.

is permissible in *some* cases for a removing-defendant to rely on analogous cases to prove punitive damages to satisfy the amount in controversy requirement, Defendants here did not. *Pirozzi*, 938 F.3d at 984 (finding the CAFA jurisdictional threshold was met by referencing similar cases where a 27:1 punitive damage ratio was affirmed); *Schott v. Overstock.com, Inc.*, No. 4:20-cv-684-MTS, 2021 WL 148875, at *5 (E.D. Mo. Jan. 15, 2021) (satisfying the CAFA amount in controversy based on applicable citations to other cases of punitive damages ratio); *Kerr v. Ace Cash Experts, Inc.*, No. 4:10-cv-1645-DDN, 2010 WL 5177977, at *2 (E.D. Mo. Dec. 14, 2010) (finding the "possibility" of punitive damages based on "similar accounts" and "similar cases" sufficient evidence for CAFA amount in controversy); *cf., Rosenbloom*, 277 F. Supp. 3d at 1076 (declining to find the cases cited by defendant as evidence of punitive damages because the cases were distinguishable).  Defendants provided *no* cases showing a punitive damages verdict for a case like the one at bar.  Rather, the cases[6] Defendants cite to support its assertion that high punitive damages will be awarded here (regardless of the small number of economic damages) are easily distinguishable from the instant case, namely because those cases involved widespread fraud and deception of consumers, where here, the tort in question is essentially negligence.  In other words, Defendants have not provided the Court with any proof that Plaintiffs *could* recover these high punitive damages under the law. *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1200 (W.D. Mo. 2013) (noting that it is enough for a defendant to show that the plaintiff "requested them and could recover them under the law").  Thus, the Court is left to resort "to conjecture, speculation, [and] star gazing." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th

---

[6] In support of its argument, Defendants cite to *Lewellen v. Franklin*, 441 S.W.3d 136 (Mo. banc 2014) (consumer bait-and-switch action); *Krysa v. Payne*, 176 S.W.3d 150 (Mo. banc 2005) (fraudulent misrepresentation action); *Estate of Overbey v. Chad Franklin Nat'l Auto Sales North*, 361 S.W.3d 364 (Mo. banc 2012) (fraud action). Defendants admit these cases are "egregious acts," which the Court distinguishes from the acts as alleged in the case at bar. Doc. [17] at 8.

Cir. 2017) ("[T]he amount in controversy is not established by a preponderance of the evidence if a court must resort 'to conjecture, speculation, or star gazing.'").  Although it may not be "legally impossible" for Plaintiffs relief to surpass $5 million, Defendants have failed to show, by the preponderance of the evidence, that Plaintiffs' damages exceed the jurisdictional requirement. *Borchert*, 486 F.3d 348 ("[W]hile punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof."); *Hill*, 324 F. Supp. 2d at 1036 ("Speculation and belief that plaintiff's damages exceed [the amount in controversy] are insufficient to meet the defendant's burden of proof under [] the 'preponderance of evidence standard'").

As shown above, when punitive damages and attorneys' fees are excluded from the calculus, it is clear Defendants have not met their burden.  With no evidence of attorneys' fees and only speculation regarding punitive damages, the Court finds that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  Because Defendants have not shown by a preponderance of the evidence that the requisite jurisdictional amount is in controversy, the Court grants Plaintiffs' Motion to Remand.

### CONCLUSION

For the foregoing reasons, the Court concludes Defendants have not met their burden to establish by a preponderance of the evidence that the jurisdictional amount in controversy exists under CAFA.  Because the amount in controversy is not met, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(d), and the Court must remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [14], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 18th day of October, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE